IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JUDSON WITHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04-3401-CV-S-FJG |
| | ) |
| CHRISTIAN COUNTY SHERIFFS DEPT. | ) |
| et al., | ) |
| | ) |
| Defendant. | ) |

# ORDER

Currently pending before the Court is defendant Ron Cleek's Motion to Dismiss (Doc. # 3), defendant Christian County's Motion to Dismiss (Doc. # 4), defendant Pat Wright's Motion to Dismiss (Doc. # 6) and plaintiff's motion to Re-Serve Complaint (Doc. # 14).

Plaintiff failed to timely respond to these Motions to Dismiss. On November 29, 2004, the Court issued an Order to Show Cause directing plaintiff to show cause in writing on or before December 13, 2004, why the Motions to Dismiss should not be granted. Plaintiff filed an extensive response on December 13, 2004 in which he quotes long passages from the United Nations' Declaration of Human Rights, the Missouri Probate Code, the United Nations' Declaration on the Protection of All Persons from Being Subject to Torture and Other Cruel, Inhumane or Degrading Treatment, the United Nations Standard Minimum Rules for the Treatment of Prisoners and the Code of Conduct for Law Enforcement Officials. Interspersed amongst these various passages are plaintiff's allegations regarding defendants' conduct.

Defendants Christian County and Pat Wright filed Reply Suggestions stating that plaintiff's response fails to respond to the arguments they raised in their Motions to

Dismiss and constitutes an improper attempt to file a First Amended Petition. Plaintiff filed a second opposition to the Motions to Dismiss and states that because he is a pro se litigant, he should be given an opportunity to amend his Complaint to insure that his case is decided on the merits.

Pro Se pleadings are generally given a liberal construction. In the instant case, the Court is unable to discern exactly what claims plaintiff is bringing against which defendants. Therefore, in order to insure that plaintiff's claims are considered on the merits, the Court will grant plaintiff's Motion for Leave to File an Amended Complaint. Plaintiff shall however exclude from his Amended Complaint any extraneous material and shall only include those factual allegations which are necessary to state his claims. Plaintiff may also find it useful to review the assertions made by the defendants in their Motions to Dismiss and to draft his Complaint to avoid those pitfalls. Plaintiff shall also take care to clearly specify in his Complaint what claims he is asserting against which defendants. The Court finds it most helpful if the allegations in a Complaint are listed as specific counts against each defendant. Plaintiff shall file his First Amended Complaint on or before **May 13, 2005**.

Accordingly, defendants' Motions to Dismiss are hereby **DENIED** (Docs. 3,4 and 6). Plaintiff's Motion to File an Amended Complaint is hereby **GRANTED** and plaintiff's Motion to Re-Serve his petition is hereby **DENIED** as **MOOT** (Doc. # 14).

Date:  May 2, 2005  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge