# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

JUDSON WITHAM,                )
                                     )
              Plaintiff,      )
                                     )
v.                                  )  No. 04-3401-CV-S-FJG
                                     )
CHRISTIAN COUNTY SHERIFFS DEPT.  )
et al.,                             )
                                     )
              Defendant.     )

# ORDER

Currently pending before the Court is plaintiff's Motion to Compel Production(Doc. # 23), defendant Christian County and Pat Wright's Motion to Dismiss (Doc. # 33), defendant Ron Cleek's Motion to Dismiss (Doc. # 35), and Christian County and Pat Wright's Motion to Dismiss for Lack of Prosecution (Doc. # 44).

## A. Plaintiff's Motion to Compel Production

Plaintiff states that in October 2004, he served upon counsel for defendants requests for production of documents, but he never received any response to his requests. Plaintiff also requests defendant Cleek's witness list.  Defendant Christian County and Pat Wright respond that contrary to plaintiff's assertions, no discovery has been filed in this case and any attempt by plaintiff to file a discovery request would be premature as the parties have not conferred as required by Fed.R.Civ.P. 25(f). Additionally, defendants state that plaintiff has informed them that he will not agree to speak with defendants' attorneys to conduct a conference.  Thus, defendants argue that because the parties have yet to confer, any attempt to file discovery is premature.

Fed.R.Civ.P. 26(d) states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Court finds that at the time plaintiff filed his motion, the parties had not conferred and the Court had not even entered a Scheduling and Trial order. Therefore, the Court hereby **DENIES** plaintiff's Motion to Compel as premature (Doc. # 23).

### B. Defendant's Motions to Dismiss

Defendants Ron Cleek, Christian County and Pat Wright have filed Motions to Dismiss plaintiff's First Amended Complaint. The Court directed plaintiff to file an Amended Complaint in order to clarify his allegations against each of the various defendants. The Court also directed plaintiff to exclude from his Amended Complaint any extraneous material. However, defendants state that rather than streamline his Complaint, plaintiff's sixty-two page Amended Complaint is even more confusing and convoluted than his initial Complaint. The defendants argue that it is impossible to discern what claims he is attempting to assert against which defendant and therefore he has failed to state any claim upon which relief can be granted.

The Court has reviewed plaintiff's Amended Complaint and finds that although it is it confusing, that plaintiff has stated a claim. He states that he is bringing this action to seek redress for deprivations of access to public facilities and for retaliatory harassment, arrests, unlawful incarcerations, inflicted physical and emotional pain and humiliation. Plaintiff states that his action is brought pursuant to 42 U.S.C. § 1983, 1985, 1986 and that lawful jurisdiction is conferred on the Court by 28 U.S.C. § 1331 and 1343. Additionally, plaintiff does state with regard to each of the defendants in what

Case 6:04-cv-03401-FJG   Document 45   Filed 03/03/06   Page 2 of 5

capacity he is suing them.

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.),  cert. denied, 522 U.S. 859 (1997) (citations omitted).  "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted).

After reviewing plaintiff's First Amended Complaint, the Court finds that plaintiff has clearly stated claims for relief.  Although the Amended Complaint is not a model of clarity, the Court does not agree with the defendant's assertion that it is impossible to discern what claims he is asserting against which individuals.  Therefore, because plaintiff has made a good faith attempt to comply with the Court's Order and because pro se complaints are to be given a liberal construction, the Court will deny defendants' Motions to Dismiss (Docs. # 33, 35).

3

**C. Motion to Dismiss for Lack of Prosecution**

Defendants Pat Wright and Christian County have also filed a Motion to Dismiss stating that plaintiff has not filed any discovery requests and that counsel for the defendants have been unable to contact plaintiff at his last known telephone number. Counsel for defendants Wright and Christian County stated that after conferring with counsel for defendant Ron Cleek, it is believed that plaintiff has left the country and has moved to Canada. He states that no forwarding address has been discovered and plaintiff cannot be contacted by telephone. Counsel for defendant Ron Cleek on February 17, 2006 filed a Notice of Non-Compliance with the Court's Discovery Order. In the Notice, counsel for Mr. Cleek states that plaintiff is no longer at the address listed on his pleadings, his phone number is no longer active and he has had no contact with defendant Cleek since October 27, 2005.

Accordingly, it is hereby **ORDERED**:

1)　　That plaintiff is directed to show cause in writing by **Monday March 20, 2006**, why the Motion to Dismiss for Lack of Prosecution filed by defendants Wright and Christian County should not be granted.  Plaintiff is advised that even though this motion was filed only by defendants Wright and Christian County, a failure to respond will result in the dismissal of plaintiff's Complaint against *all* defendants.

2)　　If Plaintiff fails to timely comply with this Order, defendant's Motion to Dismiss will be granted and plaintiff's Amended Complaint will be dismissed with prejudice in its entirety without further notice.

The Clerk of the Court shall send a copy of this Order to plaintiff by regular mail and also by certified mail, return receipt requested to plaintiff at the following address:

Judson Witham
P.O. Box 309
Chadwick, Missouri 65629

For the reasons stated above, the Court hereby **DENIES** as premature plaintiff's

Motion to Compel Production (Doc. # 23); **DENIES** defendant Christian County and Pat

Wright's Motion to Dismiss (Doc. # 33) and **DENIES** defendant Ron Cleek's Motion to

Dismiss (Doc. # 35).


Date: March 3, 2006                          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                        Fernando J. Gaitan, Jr.
                                             United States District Judge