# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

JUDSON WITHAM, )
                 )
              Plaintiff, )
                 )
v.                        ) No. 04-3401-CV-S-FJG
                 )
CHRISTIAN COUNTY SHERIFFS DEPT. )
et al.,                     )
                 )
                Defendant. )

# ORDER

Currently pending before the Court is plaintiff's Motions for Sanctions and for Hearing (Docs. # 93, 96), plaintiff's Motions to Take Judicial Notice of Fact and Law (Docs. # 94, 95) and plaintiff's Motions to Compel Discovery (Doc. # 100, 103).

## I. Motions for Sanctions and Motions to Compel

In his Motions for Sanctions[1] and his Motions to Compel plaintiff states that the defendants have not made timely objections to plaintiff's broad requests for categories of documents and information. Plaintiff also states that Sheriff Mike Robertson and Judge Effert have defaulted because they have not filed answers[2]. Plaintiff also states that he has had zero cooperation from the defendants and since August 18, 2006, the attorneys for defendants have made erroneous, nonsensical and late objections to

---

[1] The Court notes that plaintiff filed two Motions for Sanctions, however Document No. 96 is duplicative of Doc. No. 93.

[2] The Court notes that although plaintiff asserts that these defendants have defaulted, plaintiff has not filed any Motions for Entry of Default. If plaintiff wishes to seek default against these defendants, he must file a separate motion, properly supported with factual information showing why he would be entitled to this relief.

plaintiff's discovery requests. Plaintiff cites an example of the way in which the defendants have refused to produce records: they have refused requests to turn over documents such as the 911 reports, the Sheriff's office dispatch records, and Pat Wright's records relating to the invasion of Mr. Rondle Lee's home, or the names of jail maintenance workers, cooks, guards, janitors or others who have made complaints against the conditions of confinement, tazings, beatings, cold, denial of food, medicine, law library materials and ineffective assistance of counsel.

The Court would note that plaintiff submitted discovery requests to the defendants on August 1, August 14 and September 26, 2006. On August 9, 2006, Defendant Pat Wright and Christian County filed objections to plaintiff's requests for production and request for admissions, on August 14, 2006, defendant Ron Cleek filed Responses to plaintiff's First Set of Admissions and Objections to plaintiff's Request for Production of Documents. On September 13, Pat Wright and the Christian County Sheriff's Office filed Objections and Answers to Plaintiff's Continuing Demand for Production. On September 29, Pat Wright and Christian County filed objections and first supplemental answers to plaintiff's continuing demand for production and a second supplemental response to plaintiff's request for production. Finally, on October 13, Pat Wright and Christian County filed Objections to Plaintiff's Continuing Discovery Demand and Follow Up Requests. So, contrary to what plaintiff argues, the defendants have been timely responding to his discovery requests.

Additionally, the Court notes that it has reviewed a portion of plaintiff's discovery requests and the Court agrees that plaintiff is seeking information beyond the scope of his Complaint. For example, in an email recently sent to the defendants' attorneys,

2

plaintiff stated that he is seeking the following:

> I want all the ABUSE and DEPRIVATION, Complaints against jailers by the inmates during the dates prior to and after my stays at the jail as discussed.  SIMILAR does NOT mean identical, I want the other complaints involving Civil Rights, Human Rights or INHUMAN Treatment of guests at the jail.  As you well know enviromental, facilities, blankets, clothing, heat, and other such HOUSING issues and ABUSE issues were part of the ACLU litigation, Mr. Faruq, Kevin McBride, Holly Lockard, Mr. Kissee, Mr. Larry Peg, MYSELF and others have all brought attention to inhumane treatment at the hands of jailers.   The materials are relevant, material and narrowly tailored to reval other witnesses and other instances of abuse, civil rights violations, humane rights violations and inhumane treatment of prisoners.  Mr. Cleek admitted to me and to Donna Osborn the Jail Heating System was BROKEN, is he now denying his own statements ????  Please produce ALL the discovery I have asked you for OR cite specific reasons why the requests are Irrelevant, Inmaterial, Beyond The Scope or otherwise impermissable.  Even though your objections are LATE LATE LATE, General, Bald and Vague Demurrers are INADEQUATE in this situation.

> I also want all the expense, matainance, and inventory lists of the legal resources available to detainees, inmates, and those unable to qualify for services from the EXTREMELY BROKEN Public Pretender System.  I would like to have the counties records regarding the LAW LIBRARY resources Open To Inmates and as well Law Library Resources Open to Bar Association Members and the Prosecutors Office.  I would also like a copy of the POLICY, written or UNWRITTEN which alllows Private Sector Lawyers BUT NOT the Private Sector Citizens access to the County's / Sate's Law Library.

> Again I would like ANY ALL and EVERY Record of conviction information that in any way reveals I Judson Witham has ever been found guilty of CRIMINAL ACTIVITY of ANY KIND, including The Sheriff's Offices Notes, Records, Data, Recordings or otherwise.  Please include the files regarding the Sheriff's Office contacting the BATF in Springfield Missouri in August 2003.  It seems the BATF was contacted regarding BOMB THREATS made allegedly by ME, Judson Witham.

The information which plaintiff is seeking is clearly beyond the scope of his

Complaint.  As was noted in the August 21, 2006 order, plaintiff's Complaint is limited to

allegations regarding the training and supervision of the Christian County Sheriff's

3

Department, plaintiff's lack of access to legal materials, filing of false police complaints, disseminating false and injurious information regarding plaintiff and plaintiff's false arrest, detention and threats made against plaintiff. Plaintiff is not entitled and the defendants are not required to provide for example, *all* the complaints against the Christian County jail both before and after his stay at the jail. In a teleconference with the Court and opposing counsel on August 18, 2006, plaintiff indicated that he was interested in information covering only the last six years. However, it would appear from his discovery requests that plaintiff is not limiting himself to this time frame or to these subjects. In his Motion to Compel filed on October 24, 2006 (Doc. # 100), plaintiff references Mr. Rondle Lee and a "concocted trip" to the Probate Court and a police invasion of Mr. Lee's home in 2001. It is unclear to the Court what this has to do with plaintiff's claims. Records relating to this incident are not relevant to plaintiff's claims and the defendants would not be required to produce such records.

Plaintiff states that this information is relevant, material and narrowly tailored to reveal other witnesses and other instances of abuse, civil rights violations, humane rights violations and inhumane treatment of prisoners. The Court disagrees that plaintiff has narrowly tailored his discovery requests. Plaintiff should use the time that has been allotted for discovery wisely. Accordingly, the Court hereby sustains the defendants' objections to plaintiff's discovery requests. The Court also **DENIES** plaintiff's Motions for Sanctions (Docs. # 93, 96), and **DENIES** Plaintiff's Motions to Compel Discovery (Docs. # 100, 103). Plaintiff should submit discovery requests to the defendants which are narrowly tailored and which relate only to the allegations in plaintiff's First Amended

4

Complaint.

## II. Motions to Take Judicial Notice

Plaintiff in his Motions to Take Judicial Notice asks the Court to take judicial notice of the fact that there is a Constitutional right to choose one's friends and associates and that violations of the Universal Declaration of Human Rights and violations of the Eighth Amendment under the U.S. Constitution are committed when such actions are done in a reckless, intentional or purposeful manner. Defendants state that plaintiff is not asking the Court to take judicial notice of a particular fact that is easily ascertainable from a reliable and accurate source. Rather, plaintiff is asking the Court to declare that certain rights exist under the Eighth Amendment and other portions of the Bill of Rights. Defendants argue that the subject matter of plaintiff's motions are legal questions not factual issues that are fairly without dispute. The Court agrees and finds no basis on which to grant plaintiff's Motions to Take Judicial Notice. Accordingly, the Court hereby **DENIES** plaintiff's Motions to Take Judicial Notice of Fact and Law (Docs. # 94 & 95).

## III. Revised Scheduling and Trial Order

The Court asked the parties to confer on a time period for completing discovery and jointly submit a proposed discovery plan. However, the parties were unable to come to an agreement on the time necessary to complete discovery. Each side has now submitted proposed dates. The Court will take the parties' suggestions into consideration and issue a Revised Scheduling and Trial Order.

5

### IV. Correspondence & Mailing Addresses

Plaintiff is reminded that he is not to fax or email pleadings to the Court or to Chambers. If he has a pleading to file he should mail it to the Clerk's office for filing. Plaintiff is not to email the Court or copy the Court on emails sent to opposing counsel. Over the last few months plaintiff has inundated the Court with multiple emails, copies of email sent to opposing counsel and faxes. Oftentimes the same email has been sent to the Court multiple times. If plaintiff persists in this behavior, the Court will have no choice but to impose sanctions, up to and including dismissal of his Complaint.

Additionally, there seems to be confusion regarding plaintiff's correct mailing address. On May 11, 2006, plaintiff filed a Notice of Change of Address, indicating that his mailing address was P.O. Box 4850, 2250 N. University Parkway, Suite 48, Provo, Utah, 84604. However, recently, plaintiff has begun listing his mailing address as P.O. Box 4863. If this is plaintiff's correct mailing address, he must file a Notice of Change of Address with the Court to ensure that Orders and correspondence are mailed to the correct address.


Date: November 8, 2006                          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                           Fernando J. Gaitan, Jr.
                                                United States District Judge




6