IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JUDSON WITHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04-3401-CV-S-FJG ) |
| CHRISTIAN COUNTY SHERIFFS DEPT. et al., | ) ) ) ) |
| Defendant. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion for Reconsideration and Motion to Amend (Doc. # 110), Defendant Pat Wright and Christian County's Motion to Compel (Doc. # 112), Plaintiff's Motion to Appoint a Special Master (Doc. # 118) and Plaintiff's Motion to Compel (Doc. # 120).

### A. Plaintiff's Motion for Reconsideration and Motion to Amend

Plaintiff moves the Court for a reconsideration of the November 8, 2006 Order in which the Court sustained the defendant's objections to plaintiff's discovery requests. The Court stated in that Order:

> As was noted in the August 21, 2006 order, plaintiff's Complaint is limited to allegations regarding the training and supervision of the Christian County Sheriff's Department, plaintiff's lack of access to legal materials, filing of false police complaints, disseminating false and injurious information regarding plaintiff and plaintiff's false arrest, detention and threats made against plaintiff. . . . Plaintiff states that this information is relevant, material and narrowly tailored to reveal other witnesses and other instances of abuse, civil rights violations, humane rights violations and inhumane treatment of prisoners. The Court disagrees that plaintiff has narrowly tailored his discovery requests. Plaintiff should use the time that has been allotted for discovery wisely.

(November 8, 2006 Order, Doc. # 104). Plaintiff in his Motion to Reconsider goes to great lengths to expand the factual detail of his claims, but offers no reasons why the Court should reconsider the Order sustaining defendant's objections to plaintiff's discovery requests. The Court also **DENIES** plaintiff's Motion to Amend as plaintiff has already been given opportunities to further clarify his Complaint and his proposed Amended Complaint does not add any new claims or parties, but rather only provides additional factual details.

### B. Defendant Wright and Christian County's Motion to Compel

Defendants state that they served discovery requests and interrogatories on plaintiff on August 5, 2006. Due to an unforseen illness over the Labor Day holiday, plaintiff asked and defendants gave plaintiff some additional time to respond to the discovery. However, defendants state that the time has now passed and with one minor exception, plaintiff has failed to file any objections or responses to the discovery. Defendants state that the only information plaintiff provided was information relating to prior lawsuits that he has been involved with. However, with regard to the remaining discovery, he has failed to respond. Defendants' counsel state that they have attempted to confer with plaintiff regarding these discovery requests, but have been unable to obtain plaintiff's compliance. On January 30, 2007, defendants' counsel provided the Court with an update indicating that plaintiff contacted him and asked for a duplicate of the interrogatories and requests for production. Defendants' counsel emailed an electronic copy of the discovery and plaintiff now claims that the document shows it was modified today and he now has another thirty days to answer the

discovery. Considering the fact that the discovery was served over five months ago, plaintiff is not entitled to an additional thirty days to respond. The Court hereby **GRANTS** defendant's Motion to Compel and **ORDERS** plaintiff to respond to the discovery requests on or before **February 16, 2007**. If plaintiff fails to comply with this Order, his Complaint will be dismissed.

### C. Remaining Motions

Plaintiff also filed a document entitled "Screwed Blue and Tattooed" - The Crisis in Christian County and the Injustice Center Jail (Doc. # 118). In this pleading, plaintiff spends several pages in which he argues that if a person is arrested in Christian County, they have no meaningful access to legal materials, books or treatises with which to defend themselves. Plaintiff then proceeds to incorporate into his pleading an editorial from the Missouri News-Leader regarding the lack of public defenders, an article from the Missouri Bar Bulletin which provides an update on Missouri's Public Defender System, quotations from various individuals, an excerpt from the Bible and information regarding prison and institution libraries. Plaintiff concludes his motion by asking the Court to:

> appoint a Special Master to review the status of such Meaningful Legal Preparation materials available to prisoners and the general public throughout Missouri and order that meaningful access to Legal preparation materials **SUCH AS IS THE PUBLIC POLICY OF THE MISSOURI SUPREME COURT to be required in all Counties in Missouri. I would as well move and pray** that this Court undertake **and appoint a Special Master to investigate and Review the Quality, Competency, Meaningful and Constitutional Unfairness of the Missouri Public Defenders System, particularly the ONGOING CRISIS which exists in Christian County and Greene County Missouri.**

The Court **DENIES** plaintiff's Motion to Compel as the relief that he is seeking is well beyond the scope of his Complaint (Doc. # 118).

Plaintiff also filed Continuing Objections to the Defendant's Unlawful Refusals to Produce Missouri State Government Records - Violations of State Sunshine Act Requests (Doc. # 120). In this pleading, plaintiff states that he disagrees with the Court and that each and every and all his discovery requests are relevant, well within the scope of the subject matter of this case and that the defendants' objections are absurd. Plaintiff asks the defendants to open their books and records in accordance with the Missouri Sunshine Act and comply with the Federal and State Rules of Discovery. As the Court has already sustained the defendants' objections to plaintiff's discovery requests, the Court hereby **DENIES** plaintiff's Motion (Doc. # 120).

Date: 1/30/07  **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge