IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JUDSON WITHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04-3401-CV-S-FJG ) |
| CHRISTIAN COUNTY SHERIFFS DEPT. et al., | ) ) ) |
| Defendant. | ) ) |

# ORDER

Currently pending before the Court is plaintiff's Motion for Recusal (Doc. # 124) and defendant Christian County and Pat Wright's Motion to Dismiss for Failure to Cooperate in Discovery or Alternatively for Failure to Obey an Order of this Court (Doc. # 129).

**I. Motion for Recusal**

Plaintiff moves for recusal based on the fact that he is upset over previous rulings of this Court which have limited the scope of his Amended Complaint. Plaintiff also complains because of his belief that attorneys for the defendants were allowed unfettered fax and telephone access to the Court. Plaintiff believes that the Court is biased against him and that the Court has given special treatment to defendants' attorneys.

28 U.S.C. § 455(a) states in part:

(a) Any justice, judge, or magistrate of the Untied States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

The standard which is used in reviewing motions to recuse is an objective one: "Would the average person, knowing the facts alleged by the parties seeking disqualification, question the Judge's impartiality, and, if so, would the question be reasonable?" Veneklase v. City of Fargo, No. 98-2147, 2000 WL 1855135 (8th Cir. Dec. 13, 2000), citing, O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir. 1999). "A recusal or disqualification motion is committed to the sound discretion of the trial judge and the standard of review on appeal is whether the judge abused his or her discretion." Gilbert v. City of Little Rock, Ark., 722 F.2d 1390, 1399 (8th Cir. 1983), cert. denied, 466 U.S. 972 (1984). In Hamrick v. Bush, No. 1:06CV00044GH, 2007 WL 686602, * 3 (E.D.Ark. Mar. 1, 2007), the Court stated that "the mere fact that the Court has ruled against a legal argument advocated by plaintiff is not an adequate ground for recusal."

The Court finds no basis for recusing in this case. As noted above, dissatisfaction with legal rulings is not a basis. The only other argument plaintiff advances relates to his belief that the defendants' counsel have been given special access to my staff and/or office. This is not true. Plaintiff was ordered to stop emailing pleadings to my Courtroom Deputy. Plaintiff was instructed that all pleadings had to be sent to the Clerk's office so they could be filed electronically. Defendants' counsel did not email pleadings to the Courtroom Deputy. Additionally, in all of their email correspondence with the Court, defendants' counsel always copied plaintiff so that he

2

was aware of the communication. There was no ex parte communications, improper or special access granted to defendants' counsel. Accordingly, plaintiff's Motion to Recuse is hereby **DENIED** (Doc. # 124).

### II. Motion to Dismiss for Failure to Cooperate in Discovery or Alternatively for Failure to Obey An Order of this Court

On August 5, 2006, defendants served plaintiff with interrogatories and requests for production of documents. After many months of attempting to get responses from plaintiff, defendants filed a motion to compel. The Court granted the motion and plaintiff was ordered to respond to the discovery responses on or before February 16, 2007. Plaintiff was warned in that Order that failure to comply would result in the dismissal of his case. On February 16, 2007, plaintiff sent defendants' counsel an email with an attachment purporting to be his answers to the interrogatories. However, no response to the request for production for documents was served. Defendants state that plaintiff's answers to the interrogatories are incomplete and evasive. As plaintiff has failed to comply with the Order directing him to respond to the defendants' discovery requests, defendants move that the case be dismissed.

In response to the Motion to Dismiss, plaintiff states that defendants already have much of the information which they have requested from him, he refuses to divulge personal information on the PACER system, he refuses to provide authorizations for the release of his medical records, he refuses to provide the address of his family members and states that he will supplement his answers and discovery "ASAP" but "its gonna take some time." (Plaintiff's Response to Defendants' Motion to Dismiss, p. 4).

3

In his interrogatory responses, when asked to provide his name, social security number, date of birth, current residential address and place of employment, plaintiff responded as follows:

> This is a multifaceted question seeking MULTIPLE ANSWERS. (5 answers required). These [Defendants] ALREADY have all this information in their possession. Said information was provided to the Sheriff's Office NUMEROUS TIMES and appears upon records currently under the control of these defendants. Witham Objects to and for Personal Information Security in an age of IDENTITY THEFT, DOES NOT want his personal information such as his Social Security Number to be available PUBLICALLY and therefore will NOT provide it on pleadings which are Publicly Searchable by whomever on the PACER system and quite probably those who would do harm to Plaintiff and his family. The question is Repetitive and Duplicative and Meant to Harass. Ron Cleek, Sheriff Mike Robertson, Court Clerk Richard Lamb, Judge Eiffert, Judge Waters, Chris Neilsen and Pat Wright already possesses Witham's Social Security Number as well as his NCIC and Missouri State Highway Patrol Criminal Information Files.
> <u>I am NOT currently employed.</u>
> Judson Witham lives in the State of Utah. BATF Agents in Springfield Missouri have advised Witham to keep his whereabouts confidential and privileged, FOR SECURITY REASONS as THREATS BY KU KLUX KLAN members and others associated with the KLAN have been conveyed to Witham and his Family, and for the Safety of Witham's Family, Plaintiff may be contacted at Box 4863, 2250 N. University Parkwy, Provo Utah, 84604. Witham will NOT provide his family's residential address as anyone can use PACER to discover the family's whereabouts. Witham was Fire Bombed at his last residence, family pets and livestock were mutilated and numerous threats were made against the family. **Witham WILL NOT provide this information for PUBLIC VIEWING**.

When asked to state the name address and telephone numbers of any person who possesses or claim to possess any written or recorded statement of defendants or defendants' agents, officers, elected officials or employees, plaintiff listed more than thirty names and then stated that these persons are "well known to these Defendants and their Lawyers and as such THEY HAVE EASY ACCESS to their address information and these Defendants ALREADY POSSESS this information. The other

4

Detainees and Inmates at the Jail subjected to the ENVIRONMENTAL MANIPULATIONS COLD CELLING are yet to be released to Witham, **The County's Records Associated with this case and other Christian County Civil Rights Litigation is CURRENTLY BEING WITHHELD from Plaintiff Witham.** Witham will have to supplement this answer at when the STATE GOVERNMENT and these Defendants release the information."

When asked to identify with particularity each instance in which he was beaten, assaulted, handcuffed, Tazed, unlawfully arrested, incarcerated, held in constitutional living quarters or had property taken without probable cause, plaintiff responded: "these defendants already have this information and are refusing to produce some of their records (Sheriff Deputies including Snizher (SPELLING) making up that Witham WAS THREATENING Joe Rouse Grand Children with a BASE BALL BAT) the result being Witham being Falsely Arrested, drug from his home at Midnight, then TORTURED by his arresting officers and let go WITHOUT FOLLOW UP OF ANY KIND from the Office Of Ron Cleek the Sheriff's Office or the Court of John Waters happened in May ? Of 1998. Witham was NOT prosecuted beyond False Arrest and Torture associated with this incident. **THESE DEFENDANTS ALREADY HAVE the information.**

When asked for specific information such as dates, the nature of the incidents, the names and addresses, plaintiff simply states that the defendants already have this information and directs them to look at the pleadings that he has served.

In <u>Pittman v. Boxes of St. Louis, Inc.</u>, No. 4:06cv0028 TCM, 2006 WL 2331176

5

(E.D.Mo. Aug. 10, 2006), the court stated:

> It is well established that a plaintiff's pro se status does not excuse him from complying with court orders and the Federal Rules of Civil Procedure, including the requirements of discovery. . . . Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the court to impose sanctions upon parties who fail to comply with discovery orders, but dismissal may be considered as a sanction only if there is (1) an order compelling discovery; (2) a willful violation of that order, and (3) prejudice to the other party. . . . Federal Rule of Civil Procedure 41(b) authorizes the court to dismiss an action for the plaintiff's failure to comply with a court order. . . . [B]efore imposing the sanction of dismissal, fairness requires a court to consider whether a lesser sanction is available or appropriate. . . . The court need not, however, impose the least onerous sanction available, but the most appropriate under the circumstances.

Id. at * 1 (internal citations and quotations omitted).

Plaintiff initially filed his Complaint on September 21, 2004. Plaintiff was given an opportunity to file an Amended Complaint on May 2, 2005. A Scheduling and Trial Order was entered on August 3, 2005, giving the parties until February 15, 2006 to complete discovery. On February 24, 2006, the defendants filed a Motion to Dismiss for Lack of Prosecution. Plaintiff was ordered to show cause why his case should not be dismissed. Plaintiff responded to the Order to Show Cause. On July 27, 2006, the Court denied defendants' Motion to Dismiss for Lack of Prosecution and granted the defendants' Motion to Reopen Discovery. On August 4, 2006, the Court entered an Amended Scheduling Order giving the parties until September 15, 2006 to complete discovery. On August 5, 2006, defendants served interrogatories and requests for production of documents on plaintiff. On August 18, 2006, the Court held a discovery dispute teleconference with the parties. The Court ordered the parties to confer regarding the issues on which they disagreed. The Court informed the parties that if they were unable to agree they could file a motion with the Court. The Court directed

6

plaintiff to limit his discovery to only those allegations relating to his first Amended Complaint. On October 13, 2006, the Court granted plaintiff's Motion for Extension of Time to Complete Discovery. On November 8, 2006, the Court issued an Order sustaining the defendants' objections to plaintiff's discovery requests. The Court warned plaintiff to use wisely the time that had been allotted for discovery. The Court also denied plaintiff's Motions for Sanctions and denied plaintiff's Motions to Compel Discovery. On November 16, 2006, the Court issued yet another Scheduling Order giving the parties until April 15, 2007 in which to complete discovery. Defendants filed the instant motion to compel on November 28, 2006, stating that plaintiff had failed to respond to their outstanding interrogatories and requests for production of documents, which had been pending since August 2006.

Due to plaintiff's failure to properly answer the interrogatories, his failure to provide any authorizations for his medical records and his failure to respond at all to the requests for production of documents, defendants ask the Court to dismiss plaintiff's Complaint. In Poole v. Stubblefield, No. 4:05cv1005 TCM, 2006 WL 1167784 (E.D.Mo. May 2, 2006), aff'd, 06-2240, 2007 WL 489427 (8th Cir. Feb. 16, 2007), the Court stated:

> A dismissal is an extreme sanction, however, when it is with prejudice and should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. . . . This does not mean that the district court must find that the appellant acted in bad faith, but requires only that he acted intentionally as opposed to accidentally or involuntarily. . . . Considerations of the court's need to advance its docket, the consequences of irrevocably extinguishing the litigant's claim, and the futility of lesser sanctions inform the court's decision on whether a dismissal is to be with prejudice. . . . Also relevant is whether the plaintiff's actions had the effect of attacking the integrity of the court.

Id. at * 3.

7

In the instant case, the Court finds that plaintiff has intentionally disobeyed the Court's January 30, 2007 Order. The Court in that Order specifically directed plaintiff to respond to the defendant's discovery requests by February 16, 2007 and warned plaintiff that failure to comply would result in the dismissal of his Complaint. As detailed above, the responses to the interrogatories which plaintiff provided on February 16, 2007 were not responsive at all. Rather, most of plaintiff's responses were dismissive and unresponsive, even to such simple questions as his name, date of birth and social security number. Plaintiff makes much of the fact that he does not want his personal information made available to the public via the PACER system. However, discovery responses are not filed with the Court and are only sent to the opposing party. Thus this information would not have been available to the public on the PACER system. Additionally, plaintiff completely failed to provide any medical authorizations so that defendants could request his medical records and he also failed to produce any documents, stating that defendants had the documents or he would provide these documents at some undetermined point in the future. This case has been pending now for over three and one-half years. The Court has extended the discovery deadline on three separate occasions. The Court cannot wait indefinitely until plaintiff feels like producing his documents or answering the defendants' questions. The Court finds that plaintiff acted intentionally in failing to respond to the defendants' discovery requests. By failing to do so, plaintiff has prevented defendants from defending this action and has prevented the progression of this case. In <u>Pittman</u>, the Court stated that before dismissing a case, the Court should consider whether any lesser sanction would be appropriate. In that case, the plaintiff also failed to adequately respond to the

8

defendant's interrogatories, completely failed to respond to the request for production of documents and failed to appear at a hearing on the motion for sanctions. The Court in Pittman found that a financial sanction would be ineffective because plaintiff was pro se. The Court also found that the defendant was hampered in proceeding with its defense because of plaintiff's actions. Therefore, the Court found that the "only remaining appropriate sanction is dismissal." Id. at * 2. Similarly, in the instant case, the Court finds that the defendants have been prejudiced and because Mr. Witham is pro se, a financial sanction would also be ineffective. Therefore, because Mr. Witham has exhibited a pattern of delay throughout the entirety of this case and because he has intentionally violated an Order of this Court directing him to respond to the defendants' discovery requests, the Court hereby **GRANTS** Defendants' Motion to Dismiss for Failure to Cooperate in Discovery (Doc. # 129) and hereby **DISMISSES** plaintiff's Complaint with prejudice.

Date: 3/30/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge